# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

MARY JILL ALLGEYER                             Case No. 1:16-cv-1128

       Plaintiff,                                   Barrett, J.
                                                  Bowman, M.J.

   v.

CITY OF CINCINNATI, et al.,

       Defendants.

## REPORT AND RECOMMENDATION

On December 6, 2016, Plaintiff, proceeding *pro se*, filed a motion to proceed *in forma pauperis* and attached her tendered complaint against the City of Cincinnati and two individuals, Harry Black and Georgetta Kelly. On December 22, 2016, despite expressing "reservations" based upon Plaintiff's income level, the undersigned nevertheless granted her leave to file without payment of the $400.00 filing fee. (Doc. 2). Thereafter, the Court held a telephonic scheduling conference and set pretrial deadlines in this case. (Doc.11).

On July 5, 2017, Defendants moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff filed a response on July 31, 2017, to which Defendants filed no reply. The undersigned now recommends that Defendants' motion be construed as a motion for summary judgment under Rule 56, Fed. R. Civ. P., and GRANTED in part and DENIED in part.

1

**I.     Background**

In her complaint, Plaintiff alleges that during her long employment with the City, she has been subjected to age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), and to reverse race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). Plaintiff identifies herself as a Caucasian female and alleges that she was wrongfully terminated from her employment (in 1993), has been denied promotion multiple times, and generally has experienced unequal terms and conditions during her employment. (Doc. 3 at 4). She alleges that she faces an ongoing or continuing course of discrimination. (*Id.*)

"Before a plaintiff alleging discrimination under Title VII can bring suit in federal court, she must satisfy two administrative prerequisites: '(1) by filing timely charges of employment discrimination with the EEOC, and (2) receiving and acting upon the EEOC's statutory notices of the right to sue.'" *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003)(quoting *Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989))(other citations omitted). Here, Plaintiff's complaint asserts that the EEOC issued a Notice of Right to Sue on September 22, 2016, the same date that she filed her Charge of Discrimination with that agency. As relief for her grievances in this Court, she seeks "missing vacation benefits, seven years added to lost retirement years, and $300,000." Although Plaintiff attached a copy of the relevant Charge to her complaint, this Court previously noted that her complaint appears to encompass more than one EEOC charge, given that another exhibit to her complaint is an earlier "EEOC complaint" dated August 28, 2015, which lists race and gender and the Lilly Ledbetter Fair Pay Act of 2009, as the basis for that charge. A third document attached to

2

Plaintiff's complaint in this Court is a decision by the Equal Employment Opportunity Advisory Review Board ("EEOARB"), dated December 19, 2015, that refers to Plaintiff's presentation of multiple claims to that administrative body on November 24, 2015.[1] (Doc. 3-1 at 8).

While declining to dismiss any claims on initial screening as time-barred or for failure to state a claim, the undersigned wrote:

> The date of the latest filed EEOC Notice suggests that suit may be timely for at least one claim, although the underlying allegations and other documents create some ambiguity as to that issue.[2] Rather than attempting to resolve the issue in the context of the preliminary review applicable to claims screened under 28 U.S.C. § 1915(e), the undersigned will direct the Defendant(s) to file a response. *Compare Barnes v. Cable*, 2016 WL 3350787 (S.D. Ohio May 3, 2016) (recommending dismissal of all employment claims as time-barred under 28 U.S.C. § 1915(e), among other reasons). Because the Defendant(s) will be served with the complaint, they can clarify which Defendant(s) are Plaintiff's "employer" in any answer or response. *See generally Wathen v. General Electric Co.*, 115 F.3d 400 (6th Cir. 1997).

(Doc. 2 at 2-3) (footnote original).

**II.    Analysis**

Pursuant to this Court's scheduling order, motions directed to the pleadings were due to be filed not later than April 28, 2017. Although Defendants' Rule 12(c) motion was filed without leave of this Court outside of that deadline, Plaintiff did not object. In the interests of justice, the undersigned has considered the motion as if it had been timely filed under the Court's scheduling order. Alternatively, because the motion is not solely directed to the pleadings but contains matters that can only be considered under

---

[1] The EEOARB is an internal body that helps resolve disputes between the City and its employees. *See e.g., Tenkotte v. City of Cincinnati*, 2006 WL 3168937 at *2 (S.D. Ohio Nov. 1, 2006) (discussing the evidentiary distinctions between an independent EEOC decision and the internal decision of the EEOARB).

[2] Many of Plaintiff's allegations appear to significantly pre-date the relevant period for filing discrimination claims. *See generally Nichols v. Muckingum College*, 318 F.3d 674, 677-678 (6th Cir. 2003); *Amini v. Oberlin College*, 259 F.3d 493, 498 (6th Cir. 2001).

3

Rule 56, the motion is timely because it is a dispositive motion. Discovery in this case remains ongoing, and the deadline for the filing of all dispositive motions does not expire until February 12, 2018.

### A. Consideration of Exhibits Relating to Defendants' Motion

Defendants have attached multiple pages, totaling 57 pages in all, as exhibits in support of their motion for judgment on the pleadings.[3] In addition to her 19-page responsive memorandum, Plaintiff has attached a total of 189 additional pages of exhibits to be considered in opposition to the Defendants' motion.[4]

In *Luis v. Zang*, 533 F.3d 619 (6th Cir. 2016), the Sixth Circuit reiterated that matters outside of the complaint itself, which are not "referred to in the complaint," may not be considered in the context of a motion that seeks judgment based solely on the alleged deficiency of a complaint. In *Zang*, this Court had considered an affidavit attached to a motion to dismiss. The Sixth Circuit noted that such consideration was improper absent conversion of the motion to one for summary judgment under Rule 56.

> A court evaluating a motion to dismiss may, as noted above, consider "the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein." *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 774 (6th Cir. 2015) (alterations and internal quotation marks omitted)….
>
> Rule 12(d) of the Federal Rules of Civil Procedure confirms this conclusion. That rule provides that if, "on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by

---

[3]Although filed on the Court's docket as a single exhibit (Doc. 12-1), closer review reflects that Defendants have designated multiple exhibits, referenced in their accompanying memorandum as Exhibits A-G. For the convenience of the Court and consistency in the record, page references are to the Doc. 12-1.

[4]The first 70 pages of Plaintiff's Exhibit 1 consist of a copy of Defendants' motion to dismiss and its accompanying 57 pages of exhibits. The remaining 119 pages escape any facile categorization or description, but can be described as a mixture of correspondence, applications for tuition reimbursement or employment, and unauthenticated documents that purport to be a mixture of City reports and policies.

the court, the motion must be treated as one for summary judgment under Rule 56."

*Id.*, 833 F.3d at 632.

The undersigned has reviewed the exhibits attached to both Defendants' motion and Plaintiff's response, and concludes that a portion of those documents would be excluded from consideration if this Court were to limit its scope of review to Rule 12. *See generally U.S. ex rel. Antoon v. Cleveland Clinic Foundation*, 978 F.Supp.2d 880, 887–88 (S.D.Ohio 2013) (documents "integral to the complaint" may be considered only if their "authenticity, validity, or enforceability" is not in dispute). Defendants point out that the Sixth Circuit has held that "judgment on the pleadings under Fed. R. Civ. P. 12(c) is uniquely suited to disposing of a case in which a statute of limitations provides an effective bar against a plaintiff's claim." *Filer v. Polston*, 886 F.Supp.2d 790, 794 (S.D.Ohio, 2012), quoting *Phelps v. McClellan,* 30 F.3d 658, 663 (6th Cir.1994) (internal quotation marks and additional citation omitted). However, the failure of Plaintiff's complaint to detail relevant dates requires consideration of some exhibits that do not appear to be directly referenced by Plaintiff in her complaint.[5]

Although at least some of the documents would be subject to exclusion under Rule 12(c) standards, it is clear that consideration of otherwise potentially excluded exhibits is highly relevant to the determination of whether this lawsuit is time-barred. Moreover, Plaintiff herself has not only fully responded to the Defendants' motion and exhibits, but has attached an additional 189 pages of exhibits with her opposition.

---

[5]By way of example, Defendants cite to "Exhibit G," (Doc. 12-1 at 52-57), which contains the denial of Plaintiff's 2009 and 2010 requests for tuition reimbursement. Plaintiff's pro se complaint does not directly reference the denial of tuition reimbursement, even though she generally complains about (undated and undefined) discriminatory treatment, which appears to encompass complaints about the failure of the City to grant her requests for tuition reimbursement.

5

Instead of excluding exhibits tendered by both parties, the undersigned will convert and construe Defendants' motion as one for summary judgment. *Accord Stringer v. National Football League*, 474 F.Supp.2d 894, 914 (S.D. Ohio 2007) (construing Defendants' motion as one for summary judgment, reasoning that "where both parties rely on matters outside the pleadings, neither party will be surprised or prejudiced by the conversion to a Rule 56 motion") (additional citations omitted). Based upon the fact that Plaintiff has fully responded to Defendants' arguments and exhibits, no additional notice is required prior to the Court's consideration of the motion under Rule 56 standards.[6] *See Wysocki v. International Business Machine Corp.*, 607 F.3d 1102, 1104–05 (6th Cir. 2010) (decision to convert motion to dismiss to motion for summary judgment subject to review only for abuse of discretion, with notice of conversion of motion to opposing party not required unless opposing party likely to be surprised).

### B. Standards of Review

#### 1. Applicable Standard for Summary Judgment

On summary judgment, "a court must view the facts and any inferences that can be drawn from those facts...in the light most favorable to the nonmoving party." *Keweenaw Bay Indian Comm. v. Rising,* 477 F.3d 881, 886 (6th Cir.2007) (internal quotation marks omitted). "Summary judgment is only appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Id.* (quoting Fed. R. Civ. P. 56(c)) (internal quotation marks omitted). "Weighing of the evidence or making

---

[6] If any reviewing court would disagree, the filing of this Report and Recommendation and opportunity to file objections itself provides sufficient notice.

6

credibility determinations are prohibited at summary judgment-rather, all facts must be viewed in the light most favorable to the non-moving party." *Id.*

Construing facts in the light most favorable to the Plaintiff, however, does not mean that the court must find a factual dispute where record evidence contradicts Plaintiff's wholly unsupported allegations. After a moving party has carried its initial burden of showing that no genuine issues of material fact remain in dispute, the burden shifts to the non-moving party to present specific facts demonstrating a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "The 'mere possibility' of a factual dispute is not enough." *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 582 (6th Cir.1992) (citing *Gregg v. Allen–Bradley Co.,* 801 F.2d 859, 863 (6th Cir.1986)). The court determines whether the evidence requires submission to a jury or whether one party must prevail as a matter of law because the issue is so one-sided. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-252, 106 S.Ct. 2505 (1986).

To demonstrate a genuine issue of fact, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.' " *Matsushita,* 475 U.S. at 587, 106 S.Ct. 1348 (citation omitted). "It is the Plaintiff's burden to point out record evidence to support her claims." *Thomas v. National College of Virginia, Inc.*, 901 F.Supp.2d 1022, 1029 (S.D. Ohio 2012) (additional citations omitted).

## 2. Alternative Standard for Motion To Dismiss

Even though the undersigned has construed Defendants' motion primarily as arising under Rule 56, a portion of Defendants' motion is properly limited to the allegations of the complaint. To the extent that portion of the motion falls within the scope of Rule 12, the standard of review under Rule 12(c) is the same as the standard for a motion to dismiss under Rule 12(b)(6).

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the claims. The court is required to construe the complaint in the light most favorable to the Plaintiff, and accept all well-pleaded factual allegations in the complaint as true. *See Lewis v. ACB Business Services*, 135 F.3d 389, 405 (6th Cir. 1998). However, a complaint must contain either direct or reasonable inferential allegations that support all material elements necessary to sustain a recovery under some viable legal theory. *Id.*, 135 F.3d at 406 (internal citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(citations omitted); *Association of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). In *Ashcraft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009), the Supreme Court further explained: "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. Under *Iqbal*, a trial court must cipher out "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements" from legal conclusions that are supported by factual allegations. *Id.*

### C. Merits of Defendant's Motion

#### 1. Time-Barred Claims Under Title VII and the ADEA

Plaintiff's initial pleading is captioned as a "Complaint For Employment Discrimination." (Doc. 3 at 1). The complaint asserts jurisdiction <u>exclusively</u> under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act of 1967 ("ADEA").[7] (Doc. 3 at 3). In her complaint, Plaintiff asserts that her employer has discriminated against her under Title VII and/or the ADEA in three ways: (1) by terminating her; (2) by failing to promote her; and (3) by subjecting her to unequal terms and conditions of employment. (Doc. 3 at 4).

As a prerequisite to suit under either Title VII or the ADEA, a claimant must exhaust her administrative remedies. *Weigel v. Baptist Hosp. of E. Tenn.*, 302 F.3d 367, 379 (6th Cir. 2002). Defendants argue that all of Plaintiff's claims fail as a matter of law, because she failed to file her claims with the EEOC within 300 days of the alleged discriminatory acts.[8] Having reviewed all relevant exhibits submitted by both parties, the undersigned agrees that Defendants have shown that the applicable statute of limitations bars most – but not all – of Plaintiff's claims.

---

[7]Plaintiff has left those questions seeking the assertion of jurisdiction under any other federal or state law blank.
[8]Under Title VII, a complainant must file a charge with the EEOC within 180 days of the alleged discriminatory conduct, or 300 days if the plaintiff notifies a parallel state agency of her charge. 42 U.S.C. § 2000e-5; 29 U.S.C. § 626(d)(1). Although Plaintiff's EEOC charge states on its face that the "charge has not been dual filed with the Ohio Civil Rights Commission," (Doc. 3-1 at 1), Defendants' motion does not seek to enforce the shorter 180 day period. *See generally Buckner v. Montgomery County Jobs and Family Serv. Div.*, 2012 WL 786948 at *4 (discussing whether 300 day period applies on the basis of Ohio's status as a deferral state with a work sharing agreement between the OCRC and EEOC).

Plaintiff filed the EEOC Charge identified in her Complaint on September 22, 2016. (Doc. 3-1). Counting back 300 days, any discriminatory acts that occurred prior to November 27, 2015 would be time-barred under Title VII and the ADEA. Even on its face, Plaintiff's complaint makes clear that most of the events of which she complains occurred not mere days, but years prior to November 2015. For example, she alleges in part:

> In 1993, after three years of full time work with and through the City, I was replaced and lost my job…. I received no benefits those three years I worked…. I reentered City service in 2000.

(Doc. 3 at 5). The relief section of her complaint contains additional allegations that suggest that Plaintiff seeks redress for lingering effects of claims that arose years ago:

> I want seven years of vacation seniority, legal liability for O.R.C. 9.44 for three years of missing vacation benefits, seven years added to lost retirement years, and $300,000. I should never have lost my job with the City years ago. …Most of my current promotional applications are thrown out over at HR. Not one interview. I have three degrees received in 2000 and 2010. The City has changed promotional rules, budget rules and Civil Service rules all of which does not lend to equal opportunity…. After leaving all of my positions through promotions with the City, minority women who replaced me, were given two to three classifications above me for the same work. Discrimination comes in many forms. The City now gives promotional tests without showing results and with no study guides for my administrative series path. Minority women are promoted regularly through Civil Service by transfers, temporary promotions, or are put in and promoted in unclassified positions that often break Civil Service rules and ORC administrative rules.

(Doc. 3 at 6).

Copies of the September 22, 2016 EEOC Charge and the Notice of Plaintiff's Right to Sue that underlie Plaintiff's federal complaint are attached as one of several exhibits to the complaint. In her EEOC Charge, Plaintiff alleges:

> I am 65 years old Caucasian. The city discharged me from a temporary position which caused me a lost [sic] in pay, benefits and retirement. I

> was rehired in 2000 and have been subjected to unfavorable terms/conditions of employment with regards to tuition reimbursement, promotion, retirement and wages. I complained through the City of Cincinnati EEO Board. On February 23, 2016, Harry Black (African American), City Manager, recommended the Human Resource Department deny my complaint.

(Doc. 3-1 at 1).

Another exhibit to Plaintiff's complaint is a document entitled "Equal Employment Opportunity Complaint" dated August 28, 2015, which lists the basis of discrimination as race, gender, and the "Lilly Ledbetter Fair Pay Act of 2009." In that document, Plaintiff lists the dates of alleged discriminatory incidents as "October 1990, July 1993, October 2000, April 2002, and July 2004, but states "[s]ee attached for additional dates." (Doc. 3-1 at 3). All alleged discriminatory events complained of in the August 28, 2015 EEO complaint occurred before November 27, 2015.

Returning to the allegations in Plaintiff's complaint in this Court, it is clear that the "termination" of which Plaintiff complains, along with her related claims for lost retirement benefits, refer to a 1993 event. All such claims are time-barred. Similarly time-barred are any "failure to promote" claims that relate to job applications or promotion opportunities that Plaintiff was denied prior to November 27, 2015, and/or to "unequal terms and conditions" of Plaintiff's employment.

As previously noted, the issue of the timeliness of Plaintiff's claims was difficult to determine on initial screening due in part to the failure of Plaintiff to provide specific dates for many of her allegations. For example, without reference to any time period during which she believes she should have earned such benefits or when such benefits were denied to her, Plaintiff's complaint sought "seven years of vacation seniority, three years of missing vacation benefits, [and] seven years added to lost retirement years…."

11

(Doc. 3 at 6). Also without reference to specific dates, she complains of discriminatory changes to "promotional rules, budget rules and Civil Service rules," and generally of disparate treatment insofar as "[m]inority women are promoted regularly" while Plaintiff has been denied promotions. (*Id.*)

Defendants' motion clarifies the record by attaching exhibits that definitively show that nearly all actions of which Plaintiff complains, including but not limited to events that purportedly created unequal terms and conditions of employment, occurred in 2000, 2002, 2004, 2007, 2009, and 2010. Many of Plaintiff's complaints rest on allegations that other employees were allegedly paid more for identical work, but those events also occurred many years ago, in 2000, 2002, 2004 and 2007. Other allegations relate to alleged harassment by supervisors in 2002 and 2007. In fact, some of the most recent events of which Plaintiff complains - denials of her requests for tuition reimbursement – still occurred years ago, in 2009 and 2010.

Plaintiff's response in opposition to Defendants' motion and her own accompanying exhibits only serve to reinforce that her claims are time-barred nearly in their entirety. None of Plaintiff's arguments or exhibits provide any factual or legal support to save from dismissal the multitude of claims that she bases upon events that occurred prior to November 27, 2015.

Despite the vast majority of Plaintiff's claims being time-barred, the undersigned cannot recommend that judgment be entered in favor of the Defendants on every claim, because genuine issues of material fact remain at this *very early stage* of litigation as to whether a small portion of Plaintiff's "failure to promote" claims fall within the requisite limitations period. Defendants assert that Plaintiff's failure to promote claims are overly

12

conclusory because she "merely states she has 'submitted 40 applications' and has not had an interview. (Doc. 12 at 10). The Defendants maintain, based upon the exhibits that Defendants have submitted, that Plaintiff completed just five applications within the requisite 300 day time period prior to filing her EEOC charge, citing "Exhibit F." (Doc. 12-1 at 46-50).[9] Without providing this Court with a specific page citation to admissible evidence, Defendants assert that Plaintiff was advised that she was treated the same as every other administrative technician. (Doc. 12 at 10).[10]

Contrary to Defendants' arguments, I conclude that Plaintiff has adequately asserted that she was subjected to race and/or age discrimination for the five applications for promotion that Plaintiff submitted after November 27, 2015. Even post-*Iqbal*, Rule 8 requires only "notice pleading." Under Rule 8 standards and in the absence of more definitive evidence under Rule 56 that would entitle the Defendants to judgment as a matter of law, Plaintiff's denial-of-promotion claim may continue to proceed, although without prejudice to any future motion that may be timely filed by Defendants after additional discovery.[11]

In her response in opposition to the Defendants' arguments that most of her claims are time-barred, Plaintiff points to various exhibits attached to her complaint, including correspondence relating to her internal Equal Opportunity Advisory Review Board ("EEORB") proceedings, an internal body that is distinct from the EEOC or

---

[9]In addition to the difficulty of cross-referencing the electronic record of Exhibit 12-1 to Defendants' alphabetical references to exhibits, the Court's review has hampered by the failure of Defendant to include any pinpoint citations at all to the exact pages of its referenced exhibits, most of which were multiple-page documents. The Court expects clearer citations to the record in any future Rule 56 motion. *See generally* Rule 56(c)(1)(requiring citation to "particular parts of materials in the record.")

[10]It is possible that Defendants are referring to the conclusion that a "representative number of white females" filled similar positions, (Doc. 12-1 at 16), but no citation to law has been provided that would suggest that the EEOARB's internal decision is in any way binding upon this Court.

[11]Defendants admit that Plaintiff submitted five applications for promotion during the requisite time period. (Doc. 12-1 at 46-50).

13

OCRC. Plaintiff alleges that "[t]his lawsuit is in direct response to the City's EEOARB hearing synopsis and other ongoing discriminating issues…." (Doc. 13 st 1). The undersigned concludes as a matter of law that neither the EEOARB decision, Defendant Kelly's recommendation following that decision, nor Defendant Black's approval of the recommendation (essentially taking no further action) is an "adverse employment action" that would constitute a triggering event and resurrect the otherwise untimely historical claims that underlie the EEOARB proceedings.

As another route around the procedural bar, Plaintiff points out that in her prior communications with the EEOARB, she cited the Lilly Ledbetter Fair Pay Act of 2009. However, that reference does not save Title VII and ADEA claims (the only claims set forth in the complaint) from dismissal by this Court, even assuming the Fair Pay Act would be retroactive to the long-ago events of which Plaintiff complains. *Accord Morrow v. L & L Products, Inc.*, 945 F. Supp.2d 835, 848 (E.D. Mich. 2013) (distinguishing claims based upon discrete discriminatory acts that resulted in a pay decrease from discriminatory compensation acts covered under the Fair Pay Act); *see also generally Ector v. Potter,* 2010 WL 1433311 at n.6 (S.D. Ohio April 5, 2010) (Lilly Ledbetter Act would not apply before its stated retroactivity provision of May 28, 2007*); Squires v. City of Detroit*, 2011 WL 2143116 at n.4 (E.D. Mich. May 10, 2011) (explaining that the Lilly Ledbetter Fair Pay Act applies only to wage and salary compensation, with no application to pension related claims). Plaintiff's vague references to additional federal laws in some of the exhibits attached to her federal complaint, including the Pregnancy Discrimination Act of 1978 and the Uniformed

14

Services Employment and Reemployment Rights Act, (*see* Doc. 3-1 at 4), similarly fail to state any viable claim that would not be time-barred.

### 2. Individual Defendants Subject to Dismissal

The undersigned also finds persuasive the Defendants' argument that City Manager Harry Black and Human Resources Director Georgetta Kelly are entitled to dismissal of all claims filed against them. Even if those Defendants' administrative actions following the EEOARB decision constituted any type of adverse employment action (contrary to the undersigned's conclusion), neither Title VII nor the ADEA provide for individual liability of supervisors who do not meet the definition of an "employer." *See Hiler v. Brown*, 177 F.3d 542, 546 (6th Cir. 1999). For that reason, both Defendants Black and Kelly are entitled to dismissal of all claims.

### 3. *Iqbal* Standard Under Rule 12

Finally, the Defendants alternatively argue that – to the extent any reviewing court would construe Plaintiff's complaint as alleging an *ongoing* Hostile Work Environment claim or other generic unequal "terms and conditions" claim - Plaintiff's complaint is subject to dismissal as overly conclusory and for failure to plead sufficient facts to entitle her to relief. In support, Defendants claim that "there is no mention of even which protected class covered by Title VII is at issue." (Doc. 12 at 9).

The undersigned disagrees in part, because the face of Plaintiff's complaint clearly identifies Plaintiff as alleging both race and age discrimination. (Doc. 3 at 4). Additionally, the body of her complaint, together with the attached exhibits, make clear that she is alleging reverse race discrimination, insofar as she alleges that she has been treated less favorably than African American employees.

Still, to the extent that Plaintiff complains of long-ago events to support her "hostile work environment" claim, those events remain insufficient as a matter of law to state any such claim, because the allegations concern discrete events that are time-barred, which fail to state any type of "continuing violation." *See, e.g., E.E.O.C. v. Kaplan Higher Educ. Corp.*, 790 F. Supp.2d 619, 625 (N.D. Ohio 2011) (holding series of discrete employment actions cannot be linked together to form a continuing violation or a claim of hostile work environment. On that basis, all such claims are subject to dismissal.

### III.     Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED THAT** Defendants' construed motion for summary judgment on Plaintiff's claims be **GRANTED IN PART** and **DENIED IN PART**. All claims relating to Plaintiffs' 1993 termination, all claims relating to the City's failure to promote her throughout her employment, and all claims alleging discriminatory terms and conditions of her employment should be dismissed as time-barred <u>except</u> for Plaintiff's "failure to promote" claims alleging race and age discrimination based upon the City's failure to promote Plaintiff to positions for which Plaintiff submitted applications on or after November 27, 2015. Discovery shall continue to proceed only on the specified failure-to-promote claims. Additionally, **IT IS RECOMMENDED THAT** all claims against individual Defendants Black and Kelly, and Plaintiff's hostile work environment claims, be **DISMISSED** for failure to state any claim.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

MARY JILL ALLGEYER

    Plaintiff,

v.

CITY OF CINCINNATI, et al.,

    Defendants.

Case No. 1:16-cv-1128

Barrett, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).