**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Mary Jill Allgeyer,

:

   Plaintiff,       Case No. 1:16cv1128

           :   District Judge Barrett

  -vs-         Magistrate Judge Bowman

City of Cincinnati, *et al.*,

           :

   Defendants.

## ORDER

 This matter is before the Court on the magistrate judge's October 5, 2017 report

and recommendation (Doc. 14), which converts Defendants' Motion for Judgment on

the Pleadings (Doc. 12) into motion for summary judgment, and recommends that the

Motion be granted in part and denied in part. On October 19, 2017, Plaintiff timely filed

objections. (Doc. 15). Despite an opportunity to do so, Defendants did not file a

response. This matter is now ripe for review.

## I.  BACKGROUND

 The magistrate judge summarized the factual background and procedural history

of this case, which will not be restated here, except as necessary to address Plaintiff's

objections. In sum, however, Plaintiff alleges discrimination under Title VII and the

ADEA. In recommending partial judgment in favor of Defendants, the magistrate judge

reviewed all relevant exhibits submitted by both parties, and concluded that the

applicable statutes of limitation bar most – but not all – of Plaintiff's claims. (Doc. 14;

PageID 373). The magistrate judge concluded that, based on when the Plaintiff filed

her claims with the EEOC, "any discriminatory acts that occurred prior to November 27,

2015 would be time-barred under Title VII and the ADEA." (*Id.*)  The magistrate judge

observed that "[e]ven on its face, Plaintiff's complaint makes clear that most of the

events of which she complains occurred not mere days, but *years*" prior to November

2015.  (*Id.*) (emphasis added).

Ultimately, the magistrate judge issued the following recommendation to the

undersigned:

> **IT IS RECOMMENDED THAT** Defendants' construed motion
> for summary judgment on Plaintiff's claims be **GRANTED IN
> PART** and **DENIED IN PART**. All claims relating to Plaintiffs'
> 1993 termination, all claims relating to the City's failure to
> promote her throughout her employment, and all claims
> alleging discriminatory terms and conditions of her
> employment should be dismissed as time-barred except for
> Plaintiff's "failure to promote" claims alleging race and age
> discrimination based upon the City's failure to promote
> Plaintiff to positions for which Plaintiff submitted applications
> on or after November 27, 2015. Discovery shall continue to
> proceed only on the specified failure-to-promote claims.
> Additionally, **IT IS RECOMMENDED THAT** all claims against
> individual Defendants Black and Kelly, and Plaintiff's hostile
> work environment claims, be **DISMISSED** for failure to state
> any claim.

Plaintiff asks this Court to reject the foregoing recommendation.

## II.    STANDARD

This Court shall consider objections to a magistrate judge's order on a non-

dispositive matter and "shall modify or set aside any portion of the magistrate judge's

order found to be clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).  When

objections to a magistrate judge's report and recommendation are received on a

dispositive matter, the assigned district judge "must determine *de novo* any part of the

magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P.

72(b)(3).  After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*; *see also* 28 U.S.C. § 636(b)(1).

A district judge's review of objections to a report and recommendation should not be duplicative.  *Howard v. Sec'y of H.H.S.*, 932 F.2d 505, 509 (6th Cir. 1991).  "Merely restating arguments previously presented, stating a disagreement with a magistrate judge's suggested resolution, or simply summarizing what has been presented before is not a specific objection that alerts the district court to the alleged errors on the part of the magistrate judge."  *Renchen v. Comm'r of Soc. Sec.*, 2015 U.S. Dist. LEXIS 29910 at *3-4 (S.D. Ohio Mar. 11, 2015) (citing *Howard*, 932 F.2d at 508-09).

### III.    ANALYSIS

Plaintiff has submitted objections reiterating, in detail, the alleged facts underlying her claims.  However, she offers little in terms of a *specific* objection to the magistrate judge's computation of the statute of limitations.  Without supporting authority, Plaintiff argues that "the Lilly Ledbetter Fair Wage Act is an amendment under Title VII that gives credence that I may be made whole after years of repeated discrimination in many forms."  (Doc. 15; PageID 382).  The foregoing objection arguably concedes that the alleged discriminatory acts occurred "years" ago.  Furthermore, Plaintiff's reliance on the Lilly Ledbetter Fair Pay Act of 2009 is misplaced.  The magistrate judge already concluded – and the undersigned agrees – that Plaintiff's reference to the Lilly Ledbetter Fair Pay Act of 2009 does not save her Title VII and ADEA claims (i.e., the only claims set forth in the complaint).  (Doc. 14; PageID 378) (citing *Morrow v. L & L Products, Inc.*, 945 F. Supp.2d 835, 848 (E.D. Mich. 2013); *Ector*

*v. Potter,* 2010 WL 1433311 at n.6 (S.D. Ohio April 5, 2010); *Squires v. City of Detroit*, 2011 WL 2143116 at n.4 (E.D. Mich. May 10, 2011)).

Accordingly, Plaintiff's objection is not well-taken.

## IV. CONCLUSION

In accordance with the above, the Court **ADOPTS** the report (Doc. 14) of the magistrate judge. Defendants' Motion (Doc. 12) is **GRANTED IN PART AND DENIED IN PART**. Specifically, all claims relating to Plaintiffs' 1993 termination, all claims relating to the City's failure to promote her throughout her employment, and all claims alleging discriminatory terms and conditions of her employment are **DISMISSED** as time-barred, except for Plaintiff's "failure to promote" claims alleging race and age discrimination based upon the City's failure to promote Plaintiff to positions for which Plaintiff submitted applications on or after November 27, 2015. Additionally, all claims against individual Defendants Black and Kelly, and Plaintiff's hostile work environment claims, are **DISMISSED** for failure to state any claim.

**IT IS SO ORDERED.**

*S/ Michael R. Barrett*
_____
Hon. Michael R. Barrett
United States District Judge